IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:00-CR-10 (WLS) |
| | : | |
| LEVESTER HUNT, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Before the Court is Defendant Levester Hunt's Request for Clerical Amendment to Judgment/Order of Clarification. (Doc. 70.) Hunt contends the Court made a clerical error in its April 3, 2009 Amended Judgment by imposing his sentence to run from February 8, 2001, the date of Judgment, rather than the date of his arrest. In support of this claim, he argues 18 U.S.C. § 3585 requires a court to credit a defendant for time served in pretrial custody. The United States, in response, asserts that the Court's sentence is legal because Hunt was in state custody, so his time served was credited against a different sentence.

The Court agrees with the Government. Title 18, United States Code, Section 3585 provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*" § 3585(b) (emphasis added). In enacting Section 3585, "Congress made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Hunt is not entitled to receive credit for the time served prior to the imposition of judgment because he was in state custody on what

appears to be a parole violation from a previous conviction. (*See* PSR ¶¶ 34–35.) In fact, the record reflects that the United States produced Hunt in federal court on a writ of habeas corpus. (*See* Docket.) As such, his sentence is legal and not a clerical error. *See United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("The sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."); *see also* U.S.S.G. § 5G1.3. Hunt's motion (Doc. 70) is **DENIED**.

    **SO ORDERED**, this   15th   day of July 2013.

                                        /s/ W. Louis Sands
                                        **THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**